# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS, LOCAL UNION NO. 5, AFL-CIO, ) ) ) ) | CIVIL ACTION NO. 3:2008-63 |
| Plaintiff, ) ) | |
| v. ) ) | JUDGE GIBSON |
| KRATER SERVICES, LLC, ) ) | |
| Defendant. ) | |

## MEMORANDUM OPINION and ORDER OF COURT

**GIBSON, J.**

This matter comes before the Court on the Defendant, Krater Services, LLC's Motion to Dismiss Complaint Pursuant to Federal Rule of Civil Procedure 12(b)(6)(Document No. 4). The title of the motion is somewhat misleading as its content sets forth arguments pursuant to Federal Rule of Civil Procedure 12(b) subsections (1), questioning this Court's subject matter jurisdiction, and (6), questioning the sufficiency of the Plaintiff's claims set forth in the Complaint (Document No. 1). The Court concludes that it does possess subject matter jurisdiction and that the Plaintiff's Complaint sufficiently sets forth a viable claim to enforce the grievance decision of the Labor-Management Committee dated November 20, 2006, against Krater Services, LLC.

The Plaintiff's Complaint alleges subject matter jurisdiction exists in this Court based upon 29 U.S.C. § 185 (§ 301 of the Labor Management Relations Act). 29 U.S.C. § 185 reads:

> **(a) Venue, amount, and citizenship** Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties,

without respect to the amount in controversy or without regard to the citizenship of the parties.

Although the Defendant addresses its Rule 12(b)(6) argument first in its brief, the Court finds it prudent to initially address the issue of subject matter jurisdiction under Rule 12(b)(1).

> Section 301 of the LMRA gives to federal courts the power to fashion a body of federal law to adjudicate suits for violations of contracts between an employee and a labor organization. *Textile Workers Union v. Lincoln Mills*, 353 U.S. 448, 77 S.Ct. 923, 1 L.Ed.2d 972 (1957). Although the majority of cases brought under section 301 are actions to enforce contractual promises to arbitrate or to enforce arbitration awards already rendered, it is indisputable at this point that any means chosen by the parties for settlement of their differences under a collective bargaining agreement can be judicially enforced in federal court as long as the settlement is final and binding under the contract.

*United Mine Workers of America Dist. No. 5 v. Consolidation Coal Co.*, 666 F.2d 806, 809 (3d Cir. 1981)(citations omitted).

> [W]hat emerges as the law of the circuit as to the meaning of section 301(a) is that it reaches not only suits on labor contracts, but suits seeking remedies for violation of such contracts. That interpretation is consistent with the explicit direction of the Supreme Court that section 301 should not be read narrowly. *See, e. g., Smith v. Evening News Ass'n*, 371 U.S. 195, 200, 83 S.Ct. 267, 270, 9 L.Ed.2d 246 (1962); *Textile Workers Union v. Lincoln Mills*, 353 U.S. 448, 456, 77 S.Ct. 912, 917, 1 L.Ed.2d 972 (1957). The issue is not the nature of the remedy sought for the alleged violation, but whether the remedy sought may require that the court from which it is sought, state or federal, interpret a collective bargaining agreement. Thus the section has been construed to afford subject matter jurisdiction for the tort of violating a duty of fair representation in enforcing the contract, *Thomas v. Consolidation Coal Co.*, 380 F.2d 69, 76-77 n.7 (4th Cir.), cert. denied, 389 U.S. 1004, 88 S.Ct. 562, 19 L.Ed.2d 599 (1967); *House v. Mine Safety Appliances Co.*, 417 F.Supp. 939, 941 (D.Idaho 1976), as well as for participating in the violation of a fiduciary duty in failing to enforce the contract, *Nedd v. UMW, supra*. It affords subject matter jurisdiction for declaratory relief as to the meaning of the contract. *Bituminous Coal Operators' Ass'n v. UMW, supra*. All suits for violation of collective bargaining agreements are governed by federal law, because Congress intended that the scope of obligation in labor contracts in or affecting interstate commerce be uniform. *Local 174, International Brotherhood of Teamsters v. Lucas Flour Co.*, 369 U.S. 95, 82 S.Ct. 571, 7 L.Ed.2d 593 (1962). It is the need for national

2

uniformity in determining the scope of obligation agreed to in labor contracts that determines whether a federal standard is applicable, and which determines, incidentally, that there is concurrent state and federal subject matter jurisdiction.

*Wilkes-Barre Pub. Co. v. Newspaper Guild of Wilkes-Barre, Local 120*, 647 F.2d 372, 380 (3d Cir. 1981).

The Plaintiff alleges that the Defendant, Krater Services, LLC is the alter ego of Krater Electrical Services, Inc., and that the Defendant was formed as the alter ego in order to "circumvent its obligations" under the collective bargaining agreement and the "unanimous decision" of Labor-Management Committee as a result of the Plaintiff's grievance against Krater Electrical Services, Inc. Complaint ¶¶ 16, 19. The Defendant argues to the contrary stating that "in this particular matter, Section 301 of the Act fails to confer subject matter jurisdiction because the claim involves a matter independent of a contract and because it involves a specific, alleged violation of the National Labor Relations Act. [S]pecifically...the action was brought to enforce what was a joint labor-management decision." Defendant's Brief (Document No. 5), p. 8. Moreover, the Defendant argues that the allegations of alter ego status, in effect, are allegations of "failing to bargain before ceasing operations" "a violation of the National Labor Relations Act". *Id.* Of course the Plaintiff opposes this position and argues that the pertinent case law supports the proposition that district courts possess subject matter jurisdiction to enforce grievance awards such as in the case *sub judice*. Plaintiff's Brief (Document No. 8), pp. 10-12. For this Court, it is clear that it possesses subject matter jurisdiction over the Plaintiff's suit to enforce the grievance award against an alleged alter ego.

In *Local Union No. 38, Sheet Metal Workers' International Association, AFL-CIO v. A & M Heating, Air Conditioning, Ventilation & Sheet Metal, Inc.*, 314 F.Supp.2d 332, (S.D.N.Y. 2004), the

3

district court found that it could determine the presence of a breach of a collective bargaining agreement and if a separate company is liable as an alter ego. *Id.* at 340. Citing *Eichleay Corp v. Int'l Ass'n of Iron Workers*, 944 F.2d 1047 (3d Cir. 1991), the *A & M* court concluded that only a signatory to the collective bargaining agreement can be bound by *an arbitrator*: "[A] nonsignatory cannot be bound to a collective bargaining agreement under an alter ego theory unless the district court has, as a condition precedent, made the alter ego determination" *Eichleay* at 1059 n. 12 (citation omitted). If arbitrators cannot conclude that a nonsignatory to a contract is bound by its terms and a judicial determination is necessary to bind such a party, the power to make such a determination would be without effect if a district court is without subject matter jurisdiction to make such a determination. Furthermore, the deference granted to arbitration awards is the same deference due to decisions of a grievance committee, *Service Employees International Union Local 36, AFL-CIO v. City Cleaning Company Incorporated*, 982 F.2d 89, 92 (3d Cir. 1992), *i.e.* the award is only vacated "if [the award] does not draw its essence from the collective bargaining agreement." *Eichleay* at 1056.(citation omitted). This common standard of review reinforces the power of decisions made from similar, bargained-for resolution processes between management and labor. Additionally, the Third Circuit in *City Cleaning*, although not addressing the issue of subject matter jurisdiction, did recognize that the district court possessed subject matter jurisdiction under 29 U.S.C. § 185(a) to judicially enforce a grievance decision. *City Cleaning* at 91. The Court perceives no basis upon which to find that it lacks subject matter jurisdiction in the case *sub judice*. Therefore, the Court finds it possesses subject matter jurisdiction over the Plaintiff's claims and requested relief, in particular, to review the alter ego allegations and, if met, determine the applicability of the labor-management committee's decision against Krater Electrical Services, Inc. to

4

the Defendant, Krater Services, LLC.

Next, the Court considers the Defendant's arguments in favor of dismissal pursuant to Rule 12(b)(6). The Defendant argues that the Plaintiff has not satisfied the Pennsylvania standards for sufficiently pleading successor liability in the Complaint. Defendant's Brief, p. 5. The Defendant is incorrect: the alter ego allegations in matters such as this are governed by case law and opinions issued by the Labor Management Relations Board. *See Eichleay* at 1059. Additionally, a successor corporation to an original corporation could be an alter ego of the original corporation, but the two concepts are not one in the same. *AmeriSteel Corp. v. International Brotherhood of Teamsters*, 267 F.3d 264, 267 n.1, 275 (3d Cir. 2001).

Second, the Defendant erroneously continues with its reference to Pennsylvania law arguing that the Plaintiff has not pleaded "sufficient facts" under Pennsylvania law to establish successor liability. Defendant's Brief, pp. 5-6. As indicated above, the Plaintiff need only concern itself with sufficiently pleading facts to establish the existence of an *alter ego* of Krater Electrical Services, Inc. within Krater Services, LLC and it must do this in a manner that establishes a claim that is "plausible" and beyond "speculative." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555, 570 (2007).

> The elements necessary for a finding of alter ego status are substantial identity of management, business purpose, operation, equipment, customers, supervision and ownership between the two corporations. *NRLB v. Al Bryant, Inc.*, 711 F.2d 543, 553 (3d Cir.1983), *cert. denied*, 464 U.S. 1039, 104 S.Ct. 699, 79 L.Ed.2d 165 (1984). This inquiry is essentially the same as that used for a finding of single employer status. *Al Bryant*, 711 F.2d at 551 (In determining single employer status, four elements are considered: interrelation of operations, common management, centralized control of labor relations, and common ownership). The ultimate focus of alter ego analysis, however, is "the existence of a disguised continuance or an attempt to avoid the obligations of a collective bargaining agreement through a sham transaction or a technical change in operations." *Ibid.* (*quoting Carpenters Local Union No. 1846 v.*

5

*Pratt-Farnsworth, Inc.*, 690 F.2d 489 at 508 (5th Cir.1982)).

*Eichleay Corp. v. International Ass'n of Bridge, Structural and Ornamental Iron Workers*, 944 F.2d 1047, 1059 (3d Cir. 1991). *See also Trafford Distribution Center v. N.L.R.B.*, 478 F.3d 172, 179 (3d Cir. 2007)("[T]he key factors in an alter ego analysis are whether the two organizations have substantially identical 'management, business purpose, operation, equipment, customers and supervision, as well as ownership.' *Crawford Door Sales Co.*, 226 N.L.R.B. 1144, 1144 (1976)"). "[I]f two entities are found to be alter egos, a collective bargaining agreement covering one entity is automatically deemed to cover the other." *Stardyne, Inc. v. N.L.R.B.*, 41 F.3d 141, 145 (3d Cir. 1994)(citations omitted).

Applying these factors to the case *sub judice*, the Court concludes that the Plaintiff has sufficiently pleaded facts that establish a plausible alter ego claim against the Defendant. The Plaintiff alleges three former managers of Krater Electrical Services, Inc. are now employed with the Defendant, that the former company ceased its work and bidding on projects, that the Defendant now performs the same work and has bid on the same work, that the Defendant utilizes the same equipment of the former company and employs the same employees as the former company. Complaint ¶¶ 21-26. Although the Plaintiff's Complaint sets forth some legal conclusions, the factual allegations establish a claim that is not speculative, but is factually based. Just as in any motion pursuant to Rule 12(b)(6), the Court makes this conclusion after accepting the facts alleged as true while reading the Complaint in a manner that is favorable to the Plaintiff's claims. *Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008). Reading these allegations, the Court concludes that permitting this civil action to move forward through discovery will most likely uncover evidence establishing the Plaintiff's allegations. *See id.*

at 234. The Defendant's Rule 12(b)(6) motion will be denied.

AND NOW, this 9th day of March, 2009, in accordance with the foregoing Memorandum Opinion, IT IS HEREBY ORDERED THAT the Defendant's Motion to Dismiss Complaint Pursuant to Federal Rule of Civil Procedure 12(b)(6) (Document No. 4) is DENIED.

BY THE COURT

KIM R. GIBSON,
UNITED STATES DISTRICT JUDGE